UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:96-CR-79-3-BO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MILTON LEWIS. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Allow the National Passport Center to Renew Defendant's United States Passport. Defendant's Motion is DENIED.

## BACKGROUND

On September 18, 1996, Defendant, born in Jamaica and a naturalized citizen of the United States, was found guilty of conspiracy to possess with intent to distribute cocaine and cocaine base (crack). Defendant was sentenced on January 28, 1997 for a term of 168 months imprisonment. On December 17, 2008, this Court reduced Defendant's imprisonment term to 135 months. Defendant was released from custody on April 7, 2010, and his supervised release was transferred to the Southern District of Florida.

## DISCUSSION

Defendant asserts that the purpose of applying for renewal of his U.S. Passport is to be able to present identification to obtain a Florida State Identification Card and a Florida Driver's License. However, Florida law permits an identification card and driver's license to be issued upon proof of identity based on a naturalization certificate. Specifically, Florida law provides that an identification card may be issued upon "[p]roof of identity satisfactory to the department. Such proof must include one of the following documents issued to the applicant: . . . c. A valid,

unexpired United States passport; d. A naturalization certificate issued by the United States Department of Homeland Security[.]" Fla. Stat. § 322.051(1)(a)3. Additionally, in applying for a driver's license "[e]ach [] application shall include the following information regarding the applicant: Proof of identity satisfactory to the department. Such proof must include one of the following documents issued to the applicant: . . . 3. A valid, unexpired United States passport; 4. A naturalization certificate issued by the United States Department of Homeland Security[.]" Fla. Stat. § 322.08(2)(c).

Thus, Defendant's passport renewal is not necessary to accomplish his asserted purpose, as he can apply for the documents in question using his naturalization certificate. If Defendant's naturalization certificate has been lost, mutilated, or destroyed, he may apply for a new naturalization certificate. 8 U.S.C. § 1449, ("A person admitted to citizenship . . . shall be entitled upon such admission to receive . . . a certificate of naturalization."). Additionally, the conditions of Defendant's supervised release require Defendant not to leave the judicial district without the permission of the Court or probation officer. Allowing Defendant to obtain a passport would create an unnecessary risk of flight given that Defendant was born in Jamaica. Accordingly, Defendant's Motion is DENIED.

## CONCLUSION

For the reasons above, Defendant's Motion to Allow the National Passport Center to Renew Defendant's United States Passport is DENIED.

SO ORDERED.
This __15__ day of July, 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE